# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

SHEILA A. STEFFEN,

        Plaintiff,

v.                                                         Case No. 10-CV-507

MICHAEL J. ASTRUE,
Commissioner of Social Security

        Defendant.

---

## DECISION AND ORDER REVERSING THE DECISION OF THE COMMISSIONER AND REMANDING CASE

---

Sheila Steffen challenges the Commissioner's determination that she was not disabled as defined by the Social Security Act. Steffen contends that the Administrative Law Judge ("ALJ") did not provide adequate reasoning for rejecting the opinions of two of her medical providers, Dr. Franco and Dr. Choi. Steffen also contends that the ALJ erred in determining her residual functional capacity ("RFC"). Finally, Steffen argues that the ALJ incorrectly assessed her past work as a telemarketer as past relevant work and presented an erroneous hypothetical to the vocational expert.

## I. FACTUAL SUMMARY

On July 28, 2005, Steffen filed an application for disability insurance benefits. (Tr. 23, 73-77). She subsequently amended her date of disability onset from August 10, 2003 to January 1, 2006. (Tr.16). Steffen listed her disabilities as disorders of the back, degenerative joint disease, cardiac dysrhythmia, chronic obstructive pulmonary disease, asthma, sleep apnea, and peripheral neuropathy. (Docket No. 10 at 1). In 2006, Dr. Robert Callear examined Steffen on behalf of the

State agency. (Docket No. 15 at 2, Tr. 230-237). In his RFC assessment, Dr. Callear determined that Steffen was capable of medium work with no environmental restrictions. (Tr. 230-237).

In 2008, Steffen was seen by Dr. Rose Franco, who prepared a pulmonary residual functional capacity assessment. (Tr. 368-371). Dr. Franco diagnosed Steffen with advanced chronic obstructive pulmonary disease ("COPD") and listed the findings associated with this diagnosis. (Tr. 368). In her diagnosis, Dr. Franco determined that Steffen was capable of low stress work and would need to be absent from work about two days per month. (Tr. 369, 371).

Additionally, in 2008, Steffen was seen by Dr. Byung-il William Choi, who prepared a cardiac residual functional capacity assessment. (Tr. 419-424). Dr. Choi diagnosed Steffen with supraventricular tachycardia and listed the symptoms associated with this diagnosis. (Tr. 419). In his diagnosis, Dr. Choi determined that Steffen was capable of low stress work and would need to elevate her feet approximately the height of a footstool for ten percent of her workday if required to sit for prolonged periods of time. (Tr. 420, 422).

After the initial denial and the request for consideration, on March 5, 2009, a hearing was held before an ALJ. (Tr. 16). Both Steffen and a vocational expert ("VE"), David P. Oswald, testified during the hearing (Tr. 16). In his decision dated March 18, 2009, the ALJ listed seven findings: (1) Steffen met the insured status requirements of the Social Security Act through June 30, 2006; (2) Steffen has not engaged in substantial gainful activity since January 1, 2006; (3) Steffen suffers from a list of severe impairments; (4) Steffen does not have an impairment or combination of impairments that qualified for 20 CFR Part 404, Subpart P, Appendix 1; (5) Steffen has the ability to perform sedentary work as defined in the 20 CFR 404.1567(a); (6) Steffen has past relevant work as a telemarketer and is capable of performing said work; and (7) Steffen has not been under a disability definable under the Social Security Act from January 1, 2006 to March 18, 2009. (Tr. 18-23).

When the Appeals Council denied Steffen's request for review, the ALJ's determination that Steffen was not disabled as defined by the Social Security act became the Commissioner's final decision. (Tr. 5-7). Steffen then filed this appeal for review of the Commissioner's final decision.

## II. STANDARD FIVE-STEP ANALYSIS FOR DETERMINING DISABILITY

A disabled person is statutorily defined as an individual "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which … has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). Further, to be classified as disabled, it is required that the individual's impairments be of such severity that she is "not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

Pursuant to his authority, the Commissioner has implemented a standard five-step test. 20 CFR § 404.1520. The five-step analysis is a sequential test; therefore, if, at any step, the claimant is determined to be either disabled or not disabled, the review is complete. 20 CFR § 404.1520(a)(4). The test is as follows: (1) if the claimant is involved in substantial gainful activity, she is not disabled; (2) if the claimant does not have a severe medical or physical impairment, she is not disabled; (3) if the claimant has a medical or physical impairment specifically listed in appendix 1 of the statute, she is disabled; (4) if the claimant's RFC, as determined by the fact-finder, allows her to perform past relevant work, she is not disabled; and (5) if the claimant's RFC, age, education, and work experience allows her to work in a significant number of jobs, she is not disabled. Id.

## III. STANDARD OF REVIEW

"The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Specifically, the Seventh Circuit "appl[ies] a deferential standard of review when assessing the [Commissioner's] decision." Skinner

v. Astrue, 478 F.3d 836, 841 (7th Cir. 2007). As a result, when reviewing the ALJ's decision, the court may not "reweigh evidence, resolve conflicts in the record, decide questions of credibility, or, in general, substitute [its] own judgment for that of the Commissioner." Young v. Barnhart, 362 F.3d 995, 1001 (7th Cir. 2004).

The Supreme Court has gone on to define substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support [the Commissioner's] conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971). Therefore, although a mere scintilla of proof is not adequate to support the Commissioner's decision, the decision is deemed to be supported by substantial evidence when a reasonable mind would accept the evidence as adequate to support the decision. Williams v. Apfel, 173 F.3d 1049, 1055 (7th Cir. 1999). However, if the ALJ committed an error of law, the reviewing court may reverse the Commissioner's decision even if it is supported by substantial evidence. Pugh v. Bowen, 870 F.2d 1271, 1274 (7th Cir. 1989).

If the reviewing court concludes that the Commissioner's decision is not supported by substantial evidence or involves a error of law, the court is allowed to reverse the decision "with or without [remand] …" 42 U.S.C. § 405(g). In the Seventh Circuit, reversing without remand "is appropriate only if all factual issues have been resolved and the record supports a [reversal]." Briscoe ex rel. Taylor v. Barnhart, 425 F.3d 345, 356 (7th Cir. 2005).

**IV. ANALYSIS**

Steffen contends that the ALJ erred in determining her RFC as full range of sedentary work. (Docket No. 10 at 3). In particular, Steffen further alleges that the ALJ incorrectly concluded at step four that her past work as a telemarketer qualified as substantial gainful activity ("SGA"). Steffen also contends that the ALJ erred in his analysis of step five by giving the vocational expert ("VE") an incomplete hypothetical.

### A. Residual Functional Capacity

An individual's RFC is defined as "the most [an individual] can still do despite [his] limitations." 20 C.F.R. § 404.1545(a)(1). When determining an individual's RFC, the ALJ is required to analyze all relevant medical and non-medical evidence. 20 C.F.R. § 404.1545(a)(3). Assessment of an RFC is used to consider an individual's ability to meet the "physical, mental, sensory, and other requirements of work. 20 C.F.R. § 404.1545(a)(4).

Of particular import is Steffens' contention that the ALJ did not adequately explain why he rejected the opinions of Dr. Franco and Dr. Choi when making his determination of her RFC (Docket No. 10 at 3). The ALJ is required to give substantial weight to the medical opinions presented; however, the medical evidence can be set aside if it is "internally inconsistent or inconsistent with other evidence." Knight v. Chater, 55 F.3d 309, 313-314 (7th Cir. 1995). In this regard, the ALJ "must articulate, at some minimum level, his analysis of the evidence." Dixon v. Massanari, 270 F.3d 1171, 1176 (7th Cir. 2001). Further, the ALJ "must provide some glimpse into [his] reasoning … [he] must build an accurate and logical bridge from the evidence to [his] conclusion." Id. Therefore, even though an ALJ is allowed to reject the medical opinion of a treating doctor if it is inconsistent with other substantial evidence in the record, he must "minimally [articulate] his reasons for crediting or rejecting evidence of disability." Skarbek v. Barnhart, 390 F.3d 500, 503 (7th Cir. 2004).

The Commissioner notes that the central element of Dr. Franco and Dr. Choi's opinions is consistent with the ALJ's finding of Steffen's RFC. In other words, both concluded that plaintiff could perform sedentary work with environmental restrictions and a sit/stand option. (Docket No. 15 at 6). It was the additional limitation of low stress work that was rejected by the ALJ. (Docket No. 15 at 6).

With respect to Dr. Franco's opinion limiting Steffen to low stress work, the ALJ clearly did not mention why it was rejected. While the ALJ states that Dr. Franco's findings regarding the ability to sit, stand, walk, lift and carry are a bald conclusion, unhelpful and beyond the expertise of a physician, there is no reference to low stress. (Tr. 22). The Commissioner attempted to justify the ALJ's rejection by referring to Dr. Franco's notes that the low stress limitation was due to mental health issues, and Dr. Franco was not treating Steffen for mental health issues. (Docket No. 15 at 6). However, this circuit has made it clear that a persuasive brief from the Commissioner cannot replace the judgment of the ALJ. Spiva v. Astrue, 628 F.3d 346, 353 (7th Cir. 2010). As a result, the Commissioner's reasoning for why the ALJ rejected Dr. Franco's opinion cannot be considered by the court.

The court wonders why the ALJ believed Dr. Franco's diagnosis to be a bald conclusion without any findings of substance. (Tr. 22). Dr. Franco completed a pulmonary RFC form, which consists of four pages of explanation for the diagnosis. (Tr. 368-371). Is it the RFC form itself which represents a bald conclusion? If so, then similar forms prepared by the state agency should also be rejected. Therefore, something must be amiss with the contents of the report. Accordingly, the ALJ needs to explain why he decided that Dr. Franco's diagnosis was nothing more than a bald conclusion.

Similarly, the ALJ also rejected Dr. Franco's opinion in that the diagnosis was "beyond the expertise of a physician, since it requires an assessment of interrelated medical, educational, and vocational factors." (Tr. 22). The ALJ fails to explain what he means by this. Again, the Commissioner attempts to give an explanation of the ALJ's findings, but such arguments in a brief cannot be used to supplement the ALJ's thought process. Spiva, 628 F.3d at 353. Consequently, the ALJ needs to explain his conclusion that Dr. Franco's diagnosis was beyond a physician's expertise.

The ALJ rejected Dr. Choi's opinions on the same grounds as his rejection of Dr. Franco's opinions, i.e. being a bald conclusion and beyond the expertise of a physician. (Tr. 22). In addition, the ALJ specifically rejected Dr. Choi's opinion that Steffen needed to elevate her legs with a foot stool for approximately ten percent of the work day. The ALJ found this inconsistent with past findings. (Tr. 22).

From the ALJ's decision, it is difficult to ascertain exactly what in the years of medical records referred to is inconsistent with Dr. Choi's present conclusion. As previously discussed, the ALJ may set aside evidence that is inconsistent, Knight, 55 F.3d at 313-314, but he must still give reasoning for his analysis and decisions. Dixon, 270 F.3d at 1176. In this case, the ALJ did not provide an adequate explanation for his determination. To counter this, the Commissioner once again attempted to supplement his own reasoning for that of the ALJ's. (Docket No. 15 at 7). As stated earlier, the Seventh Circuit has held that a Commissioner cannot replace the reasoning of an ALJ with his own. Spiva, 628 F.3d at 353. Therefore, it will be incumbent on the ALJ to give a proper explanation as to how he determined the leg elevation restriction to be inconsistent with the other evidence.

Further, as with Dr. Franco's opinion, the ALJ also rejected Dr. Choi's opinion based upon the diagnosis being "beyond the expertise of a physician, since it requires an assessment of interrelated medical, educational, and vocational factors." (Tr. 22). Again, as with the rejection of Dr. Franco's opinion on the same grounds, the ALJ does not explain what of Dr. Choi's opinion is beyond the expertise of a physician. Here also, an adequate explanation is needed.

In summary, the ALJ did not minimally articulate his reasoning for rejecting Dr. Franco's opinion restricting Steffen to low stress work and Dr. Choi's opinion restricting Steffen to low stress work as well as requiring her to elevate her feet for ten percent of the work day. The

7

requirement for minimum articulation by the ALJ cannot be supplied by the Commissioner after the fact. As a result, this is a matter that must be addressed on remand.

### B. Substantial Gainful Activity

The Commissioner may use prior work experience to determine the type of work an individual should be expected to be capable of performing. 20 CFR § 404.1565(a). However, in order for prior work experience to be relevant it must have been "done within the last 15 years, lasted long enough for [the claimant] to learn to do it, and [be] substantial gainful activity." Id. Further, the primary consideration for determining if prior work qualifies as SGA is the earnings gained from the work activity. 20 CFR § 416.974(a)(1). In general, work that is done for an average salary of less than the average monthly value listed in 20 CFR § 416.974(b)(2)(ii)(B), $700 per month as of December 2000, does not qualify as SGA. 20 CFR § 416.974(b)(3)(i). As a result, any work that does not result in an average monthly salary of $700 adjusted for inflation since December 2000 would not qualify as SGA and, therefore, would not qualify as prior relevant work experience.

Steffen contends that the ALJ erred in labeling her prior work as a telemarketer as past relevant work. As stated above, in order for past work experience to apply for the fourth step of the five-step analysis, the job needs to have been held in the last 15 years, lasted long enough to learn skills from it, and qualify as SGA. 20 CFR § 416.965(a). In this case, the record shows that Steffen only worked as a telemarketer from September 1, 2003, to September 1, 2003, for three hours per day. (Tr. 82).

There is no substantial evidence to show that Steffen earned enough income to have her work as a telemarketer satisfy the requirements for substantial gainful activity. "If your average monthly earnings are equal to or less than the amount(s) determined under paragraph (b)(2) for the year(s) in which you work, we will generally consider that the earnings from your work as an

employee … will show that you have not engaged in substantial gainful activity." 20 CFR § 416.974(b)(3). In this case, there is no evidence to show that she made any more income from her job as a telemarketer than $4 per hour for a three hour time period.

As a result, the ALJ erred in his assessment of Steffen's work as a telemarketer qualifying as past relevant work. Because her past work as a telemarketer does not qualify as SGA, it does not qualify as past relevant work for application in step four of the standard five-step analysis. Therefore, in this case it was necessary to proceed to step five in the analysis. Even though the ALJ proceeded to step five, it must be noted that the ALJ's determination that Steffen's work as a telemarketer qualified as past relevant work was incorrect. This may or may not be of significance on remand.

### C. Vocational Expert Hypothetical

The fifth step of the five-part analysis requires an assessment of the claimant's RFC, age, education, and work experience to determine if she is able to work in a significant number of jobs. 20 CFR § 404.1520(a)(4). If so, she is not disabled. Id. Such as in this case, the Commissioner may use a VE to determine if a claimant's work skills could be used in any other work. 20 CFR § 404.1566(e).

Based on Steffen's argument that the ALJ erred in not including a low stress or leg elevation requirement and simply stating her RFC as sedentary work, Steffen contends that the ALJ gave the VE an incomplete hypothetical for his analysis. If so, this would constitute another reason for remand.

As stated above, it is this court's conclusion that the ALJ's rejection of the low stress limitation and Steffen's need to elevate her legs was not adequately explained. Therefore, whether the VE was presented with an appropriate hypothetical depends on whether the ALJ properly rejected the low stress limitation and leg elevation requirement. If the ALJ's rejections can be

properly explained, the VE's analysis stands; on the other hand, if the ALJ's rejections are improper, the VE's analysis also fails. A remand at this step is also warranted.

## V. CONCLUSION

In summary, the court concludes that the decision of the ALJ is not supported by substantial evidence. The ALJ failed to present adequate reasoning for his rejection of Dr. Franco's determination that Steffen would require low stress work. Nor did he give an adequate explanation of his rejection of Dr. Choi's determination regarding the need for leg elevation. Further, the ALJ erred in classifying Steffen's past work as a telemarketer as prior relevant work. Finally, as a result of lack of reasoning for the rejection of Dr. Franco's and Dr. Choi's determinations, the ALJ gave an incomplete hypothetical to the VE in order to determine if Steffen was capable of working in a significant number of jobs.

**IT IS THEREFORE ORDERED** that the decision of the Commissioner is **reversed** and this case is hereby **remanded** for further review in accordance with this decision. On remand, the ALJ should give further analysis and explanation into why he has decided to reject the medical opinions of Dr. Franco and Dr. Choi. Then, after re-determining Steffen's RFC, the ALJ should present a VE with a complete hypothetical for satisfaction of step five of the five-part analysis.

Dated at Milwaukee, Wisconsin this 26th day of April, 2011.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge